

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00396-CV

**IN RE** John M. **DONOHUE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Irene Rios, Justice

Delivered and Filed: October 30, 2019

ORIGINAL PROCEEDING DISMISSED FOR WANT OF PROSECUTION

Relator has been granted three extensions of time in which to file a petition for writ of mandamus, the latest until October 18, 2019. In our October 9, 2019 order granting the third extension, we informed relator that no further extensions of time would be considered and we cautioned relator that if he did not timely file his petition, this proceeding would be dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

Our October 9 order also noted that relator has been designated a vexatious litigant. Unless certain exceptions apply, relator is prohibited from filing any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action to which

---

[1] This proceeding arises out of Cause No. CV-19-0000010, styled *John M. Donohue Ex Parte*, pending in the 198th Judicial District Court, Bandera County, Texas, the Honorable M. Rex Emerson presiding.

the vexatious litigant statute applies. *In re Crenshaw*, 05-19-00633-CV, 2019 WL 2710755 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 11.103(a) (clerk of a court "may not file [an] . . . original proceeding . . . presented, pro se, by a vexatious litigant subject to a prefiling order" unless pro se litigant first obtains permission from appropriate local administrative judge).

In our October 9 order, we did not direct relator to obtain permission to file his petition; instead, our order merely informed relator that granting his request for time in which to file a petition did not constitute the "permission" required under section 11.102(a). On October 17, 2019, relator filed a "response" to our October 9 order in which he asserted he should not be required to obtain permission from the appropriate local administrative judge to file a petition for writ of mandamus. Relator asked this court to grant him permission to file a petition for writ of mandamus. Because only the appropriate local administrative judge may grant relator permission to file a petition for writ of mandamus, we deny relator's request.

Our October 9, 2019 order directed relator to file his petition for writ of mandamus no later than October 18, 2019. Because relator has not filed a petition, we dismiss this original proceeding for want of prosecution.

PER CURIAM